Dennis W. BYARS, Plaintiff–Appellant,

v.

**CITY OF WATERBURY,**
**Defendant–Appellee.**

No. 99–9353.

United States Court of Appeals,
Second Circuit.

Jan. 5, 2001.

Dennis W. Byars, Waterbury, CT, pro se.

Cheryl E. Hricko, Waterbury, CT, for defendant-appellee.

Present POOLER and KATZMANN, Circuit Judges.*

SUMMARY ORDER

ON CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, AD-JUDGED, AND DECREED that the judgment of the District Court be and hereby is AFFIRMED.

Byars appeals from the September 30, 1999, judgment of the United States District Court for the District of Connecticut (Squatrito, *J.*) awarding him $150,202.29 in back pay plus statutory interest, attorneys' fees and costs. A trial jury found that racially discriminatory hiring practices of the defendant City of Waterbury violated Title VII. Specifically, Byars claimed that the city twice did not hire him as Superintendent of Public Buildings, a position for which he was qualified, because of his race. The district court determined the back pay calculation based on the date Byars would have been hired to the disputed position and the date that the city eliminated the job title. The district court also ruled that Byars was not entitled to compensatory damages because the discriminatory incidents took place prior to enactment of the Civil Rights Act of 1991, 42 U.S.C. § 1981a. On appeal, plaintiff challenges the district court's ruling regarding compensatory damages, its calculation of the back pay award, and its refusal to award front pay. After carefully reviewing the record before us, we affirm the judgment of the district court. Compensatory damages were not available to plaintiffs at the time of Byars' injury. *See Landgraf v. USI Film Prods.*, 511 U.S. 244, 283, 114 S.Ct. 1483, 128 L.Ed.2d 229 (1994). In addition, the district court made no error in its calculation of back pay and its denial of front pay. We have considered all of plaintiff-appellant's remaining arguments and find them to be without merit.